IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Edward Simmons, | C/A No. 0:22-cv-393-JFA-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| Dr. Cook, | |
| Defendant. | |

Plaintiff, Willie Edward Simmons, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

On March 3, 2022, Defendant filed a motion to dismiss, or in the alternative for summary judgment. (ECF No. 14). By order dated March 4, 2022, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 15).

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff failed to respond to the motion. The Magistrate Judge then filed a second order on April 14, 2022, advising Plaintiff that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving Plaintiff an additional fourteen (14) days in which to file his response to the defendant's motion. (ECF No. 30). Plaintiff was specifically warned that if he failed to respond, this action would be

1

recommended for dismissal with prejudice for failure to prosecute. Despite this, Plaintiff still failed to respond.

Thereafter, the Magistrate Judge assigned to this action[1] issued a thorough Report and Recommendation ("Report"). (ECF No. 33). Within the Report, the Magistrate Judge opines that this action should be dismissed with prejudice for lack of prosecution. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 4, 2022. *Id.* The Magistrate Judge required Plaintiff to file objections by May 18, 2021. *Id.* Plaintiff failed to file objections or otherwise address the dispositive motion. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

indicates that the Magistrate Judge correctly concluded that Plaintiff has failed to respond and therefore his action is subject to dismissal for lack of prosecution.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 33). Therefore, this action is dismissed with prejudice. Consequently, any motions currently pending (ECF No. 14) are terminated as moot.

IT IS SO ORDERED.

July 6, 2022                                               Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge